United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10283
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PATRICK WIMBISH,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-259-1-A
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Patrick Wimbish appeals his sentence following his guilty plea conviction for 1) aiding and abetting the possession with the intent to distribute methylenedioxymethamphetamine and 2) aiding and abetting the unlawful possession of a firearm in furtherance of a drug-trafficking offense. Citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and by extension, <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), Wimbish argues that his sentence is unconstitutional because it was based upon findings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that were neither admitted by Wimbish nor found by a jury beyond a reasonable doubt. As Wimbish failed to raise this claim in the district court, our review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Wimbish meets the first two prongs of the plain error test because his sentence was enhanced based on facts found by the district court, which constitutes obvious error after Booker. See id. at 521. Nevertheless, Wimbish's Booker claim fails at the third step of the plain error test because he has not shown that the error affected his substantial rights. There is no indication in the record that the district court would have imposed a lower sentence under an advisory as opposed to a mandatory sentencing guidelines regime. See id. at 522.

Wimbish next asserts, also for the first time on appeal, that the Government's refusal to file a U.S.S.G. § 5K1.1 motion for downward departure based on Wimbish's substantial assistance was "totally irrational and amounted to a denial of due process." Because Wimbish neither shows that the Government bargained away its discretion to file a U.S.S.G. § 5K1.1 motion nor argues that the Government acted with unconstitutional motive, his downward departure claim is not reviewable. See Wade v. United States, 504 U.S. 181, 185-87 (1992); United States v. Urbani, 967 F.2d 106, 110-11 (5th Cir. 1992).

AFFIRMED.